## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| DARYL D. HARRIS, | |
| Plaintiff/Respondent, | CIVIL ACTION FILE NO. |
| v. | 1:14-cv-01391-WSD-GGB |
| LASHAE ANTOINETTE WILFORM, GEOFFREY CANTLE, *and All Others,* | |
| Defendants/Petitioners. | Petition for Removal From Magistrate Court of Clayton County, Georgia (Case No. 2014-CM-07418) |

## FINAL REPORT AND RECOMMENDATION
## AND ORDER

This matter is before the Court on the affidavit and request to proceed *in forma pauperis* ("IFP") filed by Defendant Lashae A. Wilform ("Wilform").  (Doc. 1). Wilform, who is proceeding without counsel, seeks to remove this past due rent and dispossessory action to federal court from the Magistrate Court of Clayton County, Georgia, pursuant to 28 U.S.C. § 1446, based upon her assertion of certain defenses, including violation of the Fair Debt Collection Practices Act, Rule 60 of the Federal Rules of Civil Procedure, the United States Bill of Rights, and 42 U.S.C. § 3631. (Doc. 1-1, Petition for Removal).

After consideration by the court of Wilform's affidavit of indigency, her request to proceed IFP is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a).  However, because this court does not have original jurisdiction over the claims made in state court, I **RECOMMEND** that this action be **REMANDED** to the Magistrate Court of Clayton County, Georgia, pursuant to 28 U.S.C. § 1447(c).

## I. DISCUSSION

Pursuant to 28 U.S.C. § 1447(c), this court must remand any action which has been improperly removed if the court lacks subject matter jurisdiction:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

Accordingly, the court must examine Wilform's notice of removal to determine whether there is a proper basis for removal.  In order for removal to be proper, Wilform must demonstrate that the action is based on diversity jurisdiction, or that the action contains one or more claims arising under the Constitution, treaties or laws of the United States.   28 U.S.C. §§ 1441(a) & (b), 1331(a), 1332.  In other words, a federal district court must have original jurisdiction over the initial action.  28 U.S.C. § 1441(a).  The statute is strictly construed, requiring remand to state court if any

2

doubt exists over whether removal was proper.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941).  The party seeking removal bears the burden to establish federal jurisdiction.  Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

Wilform has not alleged that the action is removed to this court on the basis of diversity jurisdiction, but instead appears to be asserting that the action is removable on the basis of federal question jurisdiction.  (Doc. 1-1).  The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)(citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)).

Here, the action instituted by the plaintiff Daryl D. Harris in the Magistrate Court of Clayton County appears to be a dispossessory proceeding against Wilform, Geoffrey Cantle, and all other occupants, seeking their eviction for failure to pay past due rent.  (See Doc. 1-1 at 6, "Dispossessory Proceeding").  Under the well-pleaded complaint rule, there is no indication that the state court proceedings contain a federal question.  Wilform may not invoke federal question jurisdiction solely on the basis of

3

a defense or counterclaim based on federal law.  See Caterpillar, 482 U.S. at 393;

Jefferson County, Ala. v. Acker, 527 U.S. 423, 431 (1999).

## II.  CONCLUSION

Wilform has failed to demonstrate that this court has subject matter jurisdiction

over the plaintiff's claim.  In addition, Wilform's petition for removal is procedurally

defective.  See 28 U.S.C. § 1446.  For the reasons stated, I **RECOMMEND** that this

action be **REMANDED** to the Magistrate Court of Clayton County, Georgia.

Wilform's request to proceed IFP (Doc. 1) is **GRANTED** for purposes of remand only.

**IT IS SO RECOMMENDED AND ORDERED**, this 13th day of May, 2014.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

4