IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DARYL D. HARRIS,

                Plaintiff,

    v.                                         1:14-cv-1391-WSD

LASHAE ANTOINETTE WILFORM
and GEOFFREY CANTLE and all
others,

                Defendants.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final

Report and Recommendation [3] ("R&R"), which recommends remanding this

dispossessory action to the Magistrate Court of Clayton County, Georgia.

## I.    BACKGROUND

On May 3, 2014, Plaintiff Daryl D. Harris ("Plaintiff") initiated a

dispossessory proceeding against his tenants Defendants Lashae A. Wilform and

Geoffrey Cantle ("Defendants") in the Magistrate Court of Clayton County,

Georgia.  The Complaint seeks possession of premises currently occupied by

Defendants, plus past due rent, late fees, and costs.

On May 8, 2014, Defendants, proceeding *pro se*, removed the case to this

Court by filing their Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1].  Defendants appear to assert that there is federal subject-matter jurisdiction based on the existence of a question of federal law.  They claim in their Notice of Removal that this action violates "15 USCA 1692," "Rule 60 of the federal Rule of civil Procedure [sic]," and the "Bill of Rights."

On May 13, 2014, Magistrate Judge Brill granted Defendants' application to proceed IFP.  Judge Brill also considered *sua sponte* the question of federal jurisdiction and recommends that the Court remand this case to the state court.

Judge Brill found that Plaintiff's underlying pleading shows that this action is a dispossessory proceeding that does not invoke a federal question.  Noting that a federal law defense or counterclaim alone is not sufficient to confer federal jurisdiction, Judge Brill concluded that the Court does not have federal question jurisdiction over this matter.

On May 16, 2014, Defendants filed their "Objections & Response" [5] to the R&R in which they state that the R&R is "unconstitutional with respect to" the Due Process Clause and the R&R is "in violation of" the Fair Debt Collection Practices Act and "Rule 60 of the federal Rule of civil Procedure [sic]."

2

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v.

Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge

"shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made."  28 U.S.C. §

636(b)(1).  With respect to those findings and recommendations to which a party

has not asserted objections, the Court must conduct a plain error review of the

record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.   Analysis

Defendants do not object to the R&R's conclusion that Plaintiff's Complaint

does not present a federal question.[1]  The Court does not find any error in this

---

[1] The objections filed by Defendants are without merit.  Defendants did not state
any specific objections to the findings in the R&R.  Instead of specifying what
findings and recommendations of the Magistrate Judge Defendants claim are
factually or legally incorrect, Defendants asserts general, conclusory, and frivolous
objections that the R&R is "unconstitutional" and "in violation of" the FDCPA and
Rule 60.  These objections are not comprehensible and are not valid.  See Marsden
v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a
magistrate's report and recommendation must specifically identify those findings
objected to.  Frivolous, conclusive, or general objections need not be considered by

conclusion.  It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830-32 (2002).  This action is thus required to be remanded to the state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [3] is **ADOPTED**.  This action is **REMANDED** to the Magistrate Court of Clayton County, Georgia.

**SO ORDERED** this 24th day of June, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

the district court."); see also Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report.").  Defendants' objections are required to be overruled.